IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LUTHER J. MATNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09-CV-229 |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

Plaintiff Luther Matney brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits under Title II of the Social Security Act. The parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

**I.  PROCEDURAL HISTORY**

Mr. Matney filed his application for Disability Insurance Benefits on February 9, 2005, alleging a disability onset date of November 15, 2004. (Tr. at 16, 51-53.)[2] His application was denied initially (Tr. at 36-40) and upon reconsideration (Tr. at 16). Thereafter, Mr. Matney

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer [Doc. #8].

requested a hearing de novo before an Administrative Law Judge ("ALJ").  (Tr. at 31.)   After a hearing, the ALJ found that Mr. Matney was not disabled within the meaning of the Act.   (Tr. at 22.)   The ALJ's decision became the Commissioner's final decision for purposes of judicial review when the Appeals Council denied Mr. Matney's request for review.   (Tr. at 8-10.)

## II.     LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits."   *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006).   "[T]he scope of . . .review of [such an administrative] decision . . . is extremely limited."   *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981).   "[A] reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard."   *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal brackets omitted).   The issue before the Court "is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."   *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

"The Commissioner uses a five-step process to evaluate disability claims."   *Hancock*, 667 F.3d at 472 (*citing* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)).   "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy."   *Id.*

**III.    THE ALJ's DECISION**

The ALJ found at step one that Mr. Matney had not engaged in "substantial gainful activity" since his alleged onset date.  (Tr. at 18.)   At step two, the ALJ found that Mr. Matney suffered from the following severe impairments: "chronic obstructive pulmonary disease (COPD); hypertension; lumbar spine disorder, status post 2 surgeries in 2000 and 2001; history of gout; and a history of a sprain of the right carpal joint of the wrist."  (*Id.*)   The ALJ found at step three that these impairments did not meet or equal a disability listing.  (*Id.* at 19.)   The ALJ assessed Mr. Matney's RFC and found that Mr. Matney could perform light work with further limitations.  (*Id.*) Based on this determination, the ALJ found under step four of the analysis that Mr. Matney could not return to his past relevant work.  (*Id.* at 21.)   The ALJ then concluded at step five that, given Mr. Matney's age, education, work experience, and RFC, he could perform other jobs available in the community and was therefore not disabled.  (Tr. at 21-22.)

**IV.    CONTENTIONS**

Mr. Matney argues that substantial evidence fails to support the Commissioner's findings. In particular, Mr. Matney contends that the ALJ erred by (1) failing to properly assess Mr. Matney's credibility, (2) "not explaining how she determined the RFC[,]" and (3) "not making specific findings when she determined that Mr. Matney's impairments did not meet or equal a listed impairment."  (Pl.'s Br. [Doc. # 11] at 1, 6, 7.)   Defendant contends otherwise and urges that substantial evidence supports the determination that Mr. Matney was not disabled.

3

## V.     DISCUSSION

### A.     Credibility

Mr. Matney first challenges the ALJ's finding that Mr. Matney's statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely credible. Social Security Ruling ("SSR") 96-7p, as applied by the Fourth Circuit in *Craig v. Chater*, 76 F.3d at 594-95, provides a two-part test for evaluating a claimant's statement about symptoms. Mr. Matney does not challenge the ALJ's decision of the first prong, as it was in his favor: the ALJ found that Mr. Matney's COPD, back impairment, and gout could reasonably be expected to produce his alleged symptoms of shortness of breath and pain. Mr. Matney does challenge the ALJ's decision on the second part of the test, which requires that:

> after a claimant has met [his] threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, . . . the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work, must be evaluated. *See* 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1). Under the regulations, this evaluation must take into account not only the claimant's statements about [his] pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings, *see id.*; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.), *see* 20 C.F.R. §§ 416.929(c)(2) & 404.1529(c)(2); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it, *see* 20 C.F.R. §§ 416.929(c)(3) & 404.1529(c)(3).

*Craig*, 76 F.3d at 595. When an ALJ considers these factors, and has "the opportunity to observe the demeanor and to determine the credibility of the claimant" at a hearing, the ALJ's credibility determination is entitled to deference. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).

The ALJ found that Mr. Matney's subjective complaints concerning the intensity, persistence and limiting effects of pain and shortness of breath were not entirely credible, and

4

concluded that he could do light work with additional restrictions that accommodated his actual limitations.[3]  Mr. Matney challenges the ALJ's findings on two intertwined grounds: he asserts that the ALJ erred by requiring objective evidence of the intensity of Mr. Matney's pain and shortness of breath and that the ALJ's finding that he is not credible is not supported by substantial evidence.  First, nothing in the ALJ's decision either explicitly or implicitly required objective evidence.  Even if it did, however, the ALJ is required to consider the objective evidence.  Moreover, the ALJ considered Mr. Matney's testimony and indeed gave it some credence in the additional restrictions he added to the "light work" RFC.  Finally, there is a full page discussing the evidence about the severity of Mr. Matney's symptoms immediately preceding the ALJ's credibility determination.  (Tr. at 20-21.)  This discussion addresses all of the relevant factors.

In sum, the ALJ properly applied the relevant factors in assessing Mr. Matney's credibility, and substantial evidence supports the ALJ's determination.

B.     RFC Formulation

In his second assignment of error, Mr. Matney claims that the ALJ failed to explain how the medical evidence supports a RFC for light work.  He argues that "[t]he ALJ cannot merely recite the medical evidence in the file and state that it supports her RFC finding.  She must actually explain her rationale."

An ALJ need not discuss every piece of evidence in making his RFC determination.  *See, e.g., Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir.

---

[3] Specifically, the ALJ found that Mr. Matney's "statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible and would not preclude light work as described above.  The undersigned is in no way implying that [Plaintiff] does not experience some limitations due to his impairments.  However, the limitations alleged by [Plaintiff] that find support within the objective medical record have been accommodated by the above RFC." (Tr. at 21.)

5

1995). However, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). Here, the ALJ found that Mr. Matney could:

> perform light work as defined in 20 CFR 404.1567(b) except that [Plaintiff]: would require a sit/stand option with the ability to change position every 30 minutes; can only occasionally climb stairs and ramps, stoop, bend, kneel, crouch, and crawl; can never balance or climb ladders, ropes, or scaffolds; and must avoid all exposure to hazards, such as dangerous machinery and unprotected heights, as well as all exposure to pollutants, gases, dusts, fumes, and lung irritants.

(Tr. at 19.) A review of both the decision and the record demonstrates that the ALJ not only supported these RFC findings with substantial evidence but also built "an accurate and logical bridge" connecting the two.

Mr. Matney alleges that the ALJ "listed some of the medical evidence in her decision, but never explained how she determined that [Plaintiff] could perform light work with a sit/stand option based on that evidence." (Pl.'s Br. at 7.) However, immediately after setting out the RFC recounted above, the ALJ stated that "[t]he above RFC is consistent with the DDS physical assessment at Exhibit 9F, which is given great weight due to its consistency with the objective medical evidence." (Tr. at 19.) The DDS assessment specifically limited Mr. Matney to light work due to his back surgeries and history of respiratory conditions. (Tr. at 206.) It also limited his ability to stoop and crouch and suggested additional environmental limitations. (*Id.*)

The ALJ's decision then recounted the objective medical evidence consistent with the DDS assessment as well as Mr. Matney's own testimony regarding his abilities. (Tr. at 20-21.) The resulting RFC addressed Mr. Matney's limitations in great detail, and indeed restricted Mr. Matney to a greater extent than the DDS assessment recommended, apparently based on Mr. Matney's testimony. In other words, the ALJ considered the relevant RFC assessment, resolved

6

some but not all ambiguities and material inconsistencies regarding Mr. Matney's limitations in his favor, and tailored the specific RFC findings to reflect limitations based on both the objective evidence and Mr. Matney's subjective allegations. The fact that the ALJ did not accept all of Mr. Matney's testimony is not grounds for reversal.

    C.    Listings

Finally, Mr. Matney claims that "[t]he ALJ erred by not making specific findings when she determined that [Plaintiff's] impairments did not meet or equal a listed impairment." (Pl.'s Br. at 7.) He correctly notes that "the decision of an ALJ must explain its rationale when determining that a plaintiff's specific injury does not meet or equal a listed impairment." (*Id.* (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986).) Despite this requirement, a less-than-full analysis does not always merit remand. *Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 822-23 (8th Cir. 2008).

Mr. Matney bears the burden of proof to establish that he has a condition which meets or equals a listed impairment. *See Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006) (providing that plaintiff "must show that his impairments satisfy all of the various criteria specified in the listing"). The ALJ found that there was a "notable absence" of any evidence supporting a listing level impairment and of any claim that such an impairment exists. Mr. Matney points to no evidence showing that his impairments meet or equal any listing and never identifies the specific listings he would have the ALJ analyze on remand. The record as a whole supports the ALJ's listing determination.

IT IS THEREFORE **ORDERED** that the Commissioner's decision finding no disability is **AFFIRMED**, that Plaintiff's Motion for Judgment on the Pleadings [Doc. #10] is **DENIED**, that

Defendant's Motion for Judgment on the Pleadings [Doc. #12] is **GRANTED**, and that this action is **DISMISSED** with prejudice.

This the 26th day of April, 2013.

_____
UNITED STATES DISTRICT JUDGE